IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Laron Harvey Halcrombe, | Case No. 4:07 CV 779 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| T. R. Sniezek, Warden, | |
| Respondent. | |

*Pro se* Petitioner Laron Harvey Halcrombe filed a "Motion for Relief" against T. R. Sniezek, Warden at the Federal Correctional Institute in Elkton, Ohio (FCI Elkton). Halcrombe alleges, pursuant to 28 U.S.C. §2241, his right to due process was violated during a disciplinary proceeding.

## BACKGROUND

Halcrombe was walking towards the dining hall for lunch at FCI Elkton when a fight erupted among a group of Mexican inmates. He claims the staff was running around in different directions, "issuing orders[,] contradicting each others, that lead [sic] to massive confusion among the inmates" (Pet. at 3). During this melee, Ms. Brew, a health services staff member, asked Halcrombe to sit on the rec-pad while prisoners were also being directed over the loudspeaker system to return to their housing unit. In this atmosphere of confusion, allegedly caused by the prison staff, Halcrombe was accused of refusing a direct order.

According to Halcrombe, Brew "lied in her incident report by stating I gave the inmate direct order, when infact [sic] she never did" (Pet. at 3). As a result of the accusation, Halcrombe was escorted to the special housing unit "where he spends 45 days of segregation on [an] incident report that was defective and carried no segregation time at all" (Pet. at 3).

Attached to the Petition is a copy of the July 11, 2006 Incident Report prepared by Brew. In her Report, Brew claims that after she gave Halcrombe a direct order (FCI Elkton Incident Rpt. #1488248):

> 'to sit on the rec pad now.' Inmate HALCROMBE slowly sat on the recreation bench. I gave inmate HALCROMBE a second direct order to 'sit on the rec pad now'. Inmate HALCROMBE belligerently replied, 'Why can't I sit here?' I gave inmate HALCROMBE a final direct order to 'sit on the rec pad now'. Inmate HALCROMBE reluctantly sat on the ground. As I turned away, I saw inmate HALCROMBE stand up and sit on the bench. At which point, I took inmate HALCROMBE's inmate identification card for identification purposes.

Halcrombe was charged with "refusing to obey an order of any staff member, Code 307". The Unit Disciplinary Committee (UDC) considered Brew's Report, as well as Halcrombe's comments, and found that the prohibited act was committed. It was recommended that Halcrombe lose 15 days of telephone privileges. Halcrombe was notified of the finding and advised that he may appeal the decision within 15 days of the July 13, 2006 decision.

Halcrombe timely appealed the UDC's decision and argued that the Committee unfairly based its decision entirely on the Brew Report and disregarded his claims.[1] Moreover, he argued that the UDC refused to view surveillance tape of the rec area which he claims would show compliance with Brew's order. Holcrombe's appeal through Warden Sniezek, Regional Director D. Scott Dodrill, and National Inmate Appeals Administrator Harrell Watts, was exhausted and consistently denied, with

---

[1] Halcrombe did not mention a sanction of 45 days in segregation in his earlier appeals.

2

each party finding that the greater weight of evidence supported the UDC's decision and that the sanction of 15 days lost telephone privileges was appropriate.

In his present Petition, Halcrombe asserts his due process rights were violated because the staff refused to review video surveillance tapes. He claims these tapes would reveal that he sat on the rec-pad as directed. He also adds that the Brew Report is contradicted by the facts.

### STANDARD OF REVIEW

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons set forth below, Halcrombe is not entitled to an award of the writ.

### 28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). These opinions reflect the underlying principle "that [it is] the likelihood of the effect on the overall length of the prisoner's sentence . . . [that] determines the availability of habeas corpus." *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003), *cert. denied*, 541 U.S. 1063 (2004).

Several Circuit Courts have held that habeas relief is available even if the prisoner is not seeking immediate release. *See*, *e.g.*, *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (holding that habeas review is available in suits seeking "release not from prison but just from a more to a less

3

confining form of incarceration" as well as in suits seeking relief likely "to accelerate . . . release from prison"); *Del Raine v. Carlson*, 826 F.2d 698, 702 (7th Cir. 1987) (same); *Brennan v. Cunningham*, 813 F.2d 1, 4-5 (1st Cir. 1987) (same); *Boudin v. Thomas*, 732 F.2d 1107, 1111-12 (2d Cir. 1984) (holding an action seeking transfer from a more to a less restrictive prison environment properly cognizable under habeas, not *Bivens*).

Here, Halcrombe asks the Court to expunge the Brew Report. *Bostic* specifically addressed whether expungement is likely to accelerate a prisoner's eligibility for parole and thus the length of his sentence and held that habeas corpus jurisdiction does exist under these circumstances. *Bostic*, 884 F.2d at 1269; *accord McCollum v. Miller*, 695 F.2d 1044, 1047 (7th Cir. 1982) (where likely, though not certain, relief to expunge disciplinary finding will accelerate prisoner's eligibility for parole, habeas corpus is appropriate remedy).

As further support, the relevant Code of Federal Regulations, 28 C.F.R. § 2.36(a)(2007) (emphasis added), provides:

> [G]uidelines shall apply to the sanctioning of disciplinary infractions . . . during any period of confinement that is credited to his current sentence (**whether before or after sentence is imposed**), but prior to his release on parole; and by a parole violator during any period of confinement prior to or following the revocation of his parole (except when such period of confinement has resulted from initial parole to a detainer).

Although Halcrombe challenges the residual affect of the Brew Report (namely, his eligibility for a transfer closer to home and certain prison programs), these claims do not sound in habeas. Therefore, the Court will review his Petition based solely on his rights to due process before the prison could impose sanctions for his prohibited act.

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95

4

(1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495; *see* 28 U.S.C. § 2242 (provides in pertinent part that "application for a writ of habeas corpus shall . . . allege . . . the name of the person who has custody over [the petitioner] and by virtue of what claim or authority . . ."). It is only the custodian of Petitioner at the time he files his § 2241 who has authority to effect his presence in this Court if a hearing were held. *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody). Thus, this matter is properly directed at Halcrombe's custodian, Warden Sniezek at FCI Elkton, over whom this Court has personal jurisdiction. Additionally, Halcrombe has satisfied the exhaustion requirement for § 2241 petitions. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

### CHALLENGE TO INCIDENT REPORT

Halcrombe's Petition focuses on his contention that the UDC violated his right to due process when it failed to view a surveillance tape of the incident in dispute. Halcrombe contends that UDC's actions violate Bureau of Prisons policy.

The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact, and administrative sanctions are not comparable to a criminal conviction. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, neither the amount of evidence necessary to support such a conviction, *see Jackson v. Virginia*, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. *Superintendent,*

5

*Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456 (1985). Insofar as Halcrombe argues that more evidence should have been examined before his guilt was determined, he cannot sustain a claim.

The UDC weighed the Incident Report and Halcrombe's statements and found that there was no instruction for him to sit on the bench. The UDC found that Halcrombe sat on a bench after he was instructed to sit on the rec-pad and judged him guilty of the relevant infraction. Inasmuch as the UDC's decision is supported by "some evidence" in the record, Halcrombe's claim fails on the merits.

### DENIAL OF DUE PROCESS

A prisoner's liberty interests are implicated by disciplinary decisions that result "in an atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or that "lead to the loss of good time credit." *Luna v. Pico*, 356 F.3d 481, 487 & n. 3 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). While the loss of a prisoner's good time credits affords certain procedural safeguards, Halcrombe's incident report resulted only in the temporary loss of telephone privileges, which does not implicate a protected liberty interest.[2]

In an unreported case in the United States District Court for the Middle District of Pennsylvania, a petitioner was sanctioned with the loss of commissary, phone and visiting privileges for a period of 30 days. The court held that, notwithstanding his contention that this misconduct was fraudulently issued, the sanctions at issue did not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Santos v. Bureau of Prisons*, No. 1:05-

---

[2]

In passing, Halcrombe complains that the sanctions imposed did not comport with his prohibited act; however, because this issue was not exhausted through the Bureau of Prisons the Court cannot address it. His Incident Report and all of the responses to his appeal indicate that he was only sanctioned with 15 days of lost telephone privileges as opposed to the 45 days of segregation of which he complains.

CV-0008, 2006 WL 709509, at *2 (M.D.Pa. Mar. 20, 2006) (quoting *Sandin*, 515 U.S. at 483). Similarly, Petitioner's temporary loss of telephone privileges would not implicate a due process violation.

## CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

          s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 27, 2007